IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GORDON O. NORRIS, ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| vs. ] | CIVIL ACTION NO. 06-RRA-4749-S |
| ] | |
| WARDEN CHERYL PRICE, et al., ] | |
| ] | |
| Respondents. ] | |

## MEMORANDUM OPINION

This is a habeas corpus petition. The magistrate judge entered a report and recommendation recommending that the respondents' motion for summary judgment be granted and the action dismissed. The petitioner has filed objections to the report and recommendation.

In the report and recommendation, the magistrate judge recommended that Claims 3, 4, 5, and 6[1] be dismissed as procedurally barred, because the petitioner failed to present the claims to the Alabama Supreme Court for review as required by *O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732-33 (1999). Norris objects to this finding, alleging that:

---

[1] Claims 3 - 6 are as follows:

    3) he was not competent to stand trial and the trial court denied his right to raise a mental disease or defect defense or any evidence of his mental state at the time of the offense;

    4) he was denied a fair trial because of the ex parte communications of the trial judge with the victim's friends and family;

    5) he was denied effective assistance of counsel at trial because counsel; and

    6) he was denied effective assistance of counsel on appeal.

> This is not true because Norris did file and submit a Petition for a Writ of Certiorari to the Alabama Supreme Court. The copy submitted to the Alabama Supreme Court contained a copy of the Rule 39k Statement of facts which were statements of facts and Norris' claims for relief. See Exhibit #1.
>
> It is only after the "Certiorari Review" is granted that a petitioner submits his "Brief in Support" and filed the brief with the court. The "Brief in Support" would have contained more information and facts regarding Norris' claims for relief.

*Petitioner's Objections to the Report and Recommendation*, Court Document 9, at p. 2.

Rule 39(d)(3) of the Alabama Rules of Appellate Procedure requires that a petition for a writ of certiorari contain a "concise statement of the grounds, 39(a)(1)(A)-(E), supra, on which the petition is based." Norris' petition for a writ of certiorari reads, in part, as follows:

> So, petitioner Norris prays that this court will review two issues which were presented in his brief in support of his application for a rehearing & 39(k).
>
> I.
> Whether or not Norris presented sufficient facts to merit an evidentiary hearing and the Rule 32 judge was not the trial judge and he violated the holding in *Harper v. State*, supra.?
>
> II.
> Whether or not the Rule 32 judge violated the holding in *Coleman v. State*, supra, by not doing a fact finder on the claim on ineffective assistance of appellate counsel?

*Petition for Writ of Certiorari*, Court Document 4-16, at pp. 3-4. It is clear from the face of Norris' petition for a writ of certiorari that these were the two issues he intended to raise. It is equally clear that he did not present Claims 3 through 6 of the current petition in his petition for a writ of certiorari. Norris cannot circumvent the *O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732-33 (1999) requirement by simply alleging that he would have raised these claims in his brief had the Alabama Supreme Court granted certiorari in his case, since even if certiorari had been granted, the Alabama Supreme Court would not have considered issues that were not clearly presented in the petition itself.

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. This habeas petition is due to be dismissed. An appropriate order will be entered.

Done this 6th day of February, 2009.

                              _____
                              WILLIAM M. ACKER, JR.
                              UNITED STATES DISTRICT JUDGE